UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-180 (SRN/DLM)

UNITED STATES OF AMERICA,

          Plaintiff,

v.

WILLIAM EARL BURTON,

          Defendant.

**PLEA AGREEMENT AND
SENTENCING
STIPULATIONS**

The United States of America and the defendant, William Earl Burton,
agree to resolve this case on the terms and conditions that follow. This plea
agreement binds only the defendant and the United States Attorney's Office
for the District of Minnesota (hereinafter "the United States" or "the
Government"). This agreement does not bind any other United States
Attorney's Office or any other federal or state agency.

1. **Charges**. The defendant agrees to plead guilty to Count 1 of the
Indictment, which charges the defendant with Conspiracy to Make False
Statements in the Purchasing of Firearms, in violation of 18 U.S.C. §§ 371 and
922(a)(6). The defendant fully understands the nature and elements of the
crime with which he has been charged.

Upon imposition of sentence, if there are remaining counts, the
government agrees to move to dismiss those remaining charges against the
defendant contained in the Indictment.

1

SCANNED

SEP 1 1 2025

U.S. DISTRICT COURT ST. PAUL

2.    **Factual Basis**. The defendant is pleading guilty because he is in fact guilty of Count 1 of the Indictment. In pleading guilty, the defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

The defendant purchased 43 firearms from Minnesota firearms licensees between November 27, 2019, and August 29, 2020. For each firearm, the defendant certified himself as the actual buyer on the associated Firearms Transaction Record Form 4473. In reality, the defendant was not the actual buyer of any of these firearms, but was in fact purchasing the firearms for other people, who in turn provided him money and conspired with him to falsely represent on each Firearms Transaction Record Form 4473 that the defendant was the true purchaser of the firearms. By April 2025, law enforcement recovered 17 of these firearms (none from the defendant).

On or about the dates set forth in the table below, in the State and District of Minnesota, the defendant purchased the firearms set forth in the table below, on behalf of and at the request of others:

| Date of Purchase | FFL | Firearm |
|---|---|---|
| 11/27/2019 | Fleet Farm, Blaine, MN | Taurus Model PT111G2A 9 mm pistol bearing serial number TMU05413 |
| 1/14/2020 | Fleet Farm, Blaine, MN | Taurus Model G2C 9 mm pistol bearing serial number AAM119094 |

2

| Date of Purchase | FFL | Firearm |
|---|---|---|
| 3/6/2020 | Bill's Gun Shop & Range Circle Pines, MN | Glock Model 22 Gen 4 .40 cal pistol bearing serial number PLK859 |
| 3/8/2020 | Bill's Gun Shop & Range Robbinsdale, MN | FMK Model 9C1G2 Sniper bearing serial number BTT0491 |
| 3/8/2020 | Bill's Gun Shop & Range Circle Pines, MN | Glock Model G23 Gen 4 .40 cal pistol bearing serial number BCLB029 |
| 3/13/2020 | Fleet Farm, Blaine, MN | Taurus Model G3 9 mm pistol bearing serial number AAM091534 |
| 3/19/2020 | Fleet Farm, Blaine, MN | Sig Sauer Model P320 9 mm pistol bearing serial number M18-059273 |
| 3/27/2020 | Fleet Farm, Blaine, MN | HS Produkt (Springfield Armory) Model XD, 9 mm pistol bearing serial number GM7655229 |
| 4/1/2020 | Fleet Farm Brooklyn Park, MN | Glock Model 19X 9 mm pistol bearing serial number ADMN996 |
| 4/6/2020 | Fleet Farm Blaine, MN | Ruger Model 57 5.7x28 mm pistol bearing serial number 641-12521 |
| 4/9/2020 | Sportsman's Warehouse Coon Rapids, MN | Taurus Model G2S 9 mm pistol bearing serial number TLU35180 |
| 4/9/2020 | Sportsman's Warehouse Coon Rapids, MN | Glock Model 43 9 mm pistol bearing serial number ADVZ263 |
| 4/14/2020 | Sportsman's Warehouse Coon Rapids, MN | SCCY Model CPX-2 9 mm pistol bearing serial number 834479 |

| Date of Purchase | FFL | Firearm |
|---|---|---|
| 4/14/2020 | Sportsman's Warehouse Coon Rapids, MN | Glock Model 19X 9 mm pistol bearing serial number ADLS687 |
| 4/15/2020 | Sportsman's Warehouse Coon Rapids, MN | Springfield Saint Model 5.56 mm pistol bearing serial number ST236425 |
| 4/16/2020 | Bill's Gun Shop & Range Robbinsdale, MN | Smith & Wesson Model M&P 9 bearing serial number NDT8171 |
| 4/25/2020 | Bill's Gun Shop & Range Robbinsdale, MN | HS Produkt (Springfield Armory) Model XDM bearing serial number MG687955 |
| 4/25/2020 | Bill's Gun Shop & Range Robbinsdale, MN | Nova Modul/Century Arms Model NAK9 9 mm pistol bearing serial number RON2043808 |
| 5/2/2020 | Bill's Gun Shop & Range Robbinsdale, MN | Smith & Wesson Model Bodyguard .380 cal pistol bearing serial number EBZ3919 |
| 5/2/2020 | Bill's Gun Shop & Range Robbinsdale, MN | Ruger Model LCP .380 cal pistol bearing serial number 372339383 |
| 5/2/2020 | Bill's Gun Shop & Range Robbinsdale, MN | Smith & Wesson Model Bodyguard .380 cal pistol bearing serial number EBZ3919 |
| 5/3/2020 | Fleet Farm Brooklyn Park, MN | Glock Model G19 Gen 4 9 mm pistol bearing serial number ADHP630 |
| 5/3/2020 | Fleet Farm, Brooklyn Park, MN | FN Pistol Model FSN-9C 9 mm pistol bearing serial number CSU0057465 |

| Date of Purchase | FFL | Firearm |
|---|---|---|
| 5/5/2020 | Bill's Gun Shop & Range Robbinsdale, MN | FN Pistol Model FSN-C 9 mm pistol bearing serial number CSU0046791 |
| 5/7/2020 | Sportsman's Warehouse Coon Rapids, MN | Springfield Pistol Model XDM 9 mm pistol bearing serial number AT196102 |
| 5/7/2020 | Sportsman's Warehouse Coon Rapids, MN | Taurus Model G3 9 mm pistol bearing serial number ABA220747 |
| 5/11/2020 | Sportsman's Warehouse Coon Rapids, MN | SCCY Model CPX-2 9 mm pistol bearing serial number 873255 |
| 5/18/2020 | Bill's Gun Shop & Range Circle Pines, MN | SAR Model SAR9, 9 mm pistol bearing serial number T1102-18BV02271 |
| 5/18/2020 | DKMAGS New Brighton, MN | Ruger Model 22 Charger .22 LR caliber bearing serial number 492-02909 |
| 5/19/2020 | Sportsman's Warehouse Coon Rapids, MN | Canik Model TP9SFX 9 mm pistol bearing serial number 20BC03971 |
| 5/24/2020 | Sportsman's Warehouse Coon Rapids, MN | Glock Model 29GEN4 10 mm pistol bearing serial number BMTS011 |
| 5/28/2020 | Bills Gun Shop & Range Circle Pines, MN | Canik Model TP9DA 9 mm pistol bearing serial number 20BJ01732 |
| 6/1/2020 | DKMAGS New Brighton, MN | SCCY Model CPX-2 9 mm pistol bearing serial number 883759 |

| Date of Purchase | FFL | Firearm |
|---|---|---|
| 7/16/2020 | Sportsman's Warehouse Coon Rapids, MN | Smith & Wesson Model SD40VE .40 cal pistol bearing serial number FCF0323 |
| 7/19/2020 | Sportsman's Warehouse Coon Rapids, MN | SCCY Model CPX-2 9 mm pistol bearing serial number 881943 |
| 7/25/2020 | Bill's Gun Shop & Range Circle Pines, MN | HS Produkt (Springfield Armory) Model XDM Elite, unknown caliber, bearing serial number BY195840 |
| 8/1/2020 | Sportsman's Warehouse Coon Rapids, MN | Taurus Model G3 9 mm pistol bearing serial number ABG704971 |
| 8/3/2020 | Sportsman's Warehouse Coon Rapids, MN | Stoeger Model STR-9C 9 mm pistol bearing serial number T6429-20S01014 |
| 8/11/2020 | Sportsman's Warehouse Coon Rapids, MN | Stoeger Model STR-9C 9 mm pistol bearing serial number T6429-20S01409 |
| 8/13/2020 | Bill's Gun Shop & Range Circle Pines, MN | SCCY Model CPX-2 9 mm pistol bearing serial number 951301 |
| 8/25/2020 | Sportsman's Warehouse Coon Rapids, MN | Canik Model TP9SF 9 mm pistol bearing serial number 20AT26820 |
| 8/29/2020 | Sportsman's Warehouse Coon Rapids, MN | Glock Model 43X 9 mm pistol bearing serial number BPYB081 |

The defendant subsequently transferred these firearms to their true purchasers. The defendant stipulates that he acted voluntarily, and that he knew his actions violated the law.

3.    **Waiver of Pretrial Motions**.    The defendant understands and agrees that the defendant has certain rights to file pre-trial motions. As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to have any pending motions resolved and to file any additional pre-trial motions in this case. The defendant agrees that, by pleading guilty, he is withdrawing any motions previously filed.

4.    **Waiver of Constitutional Trial Rights.**    The defendant understands that he has the right to go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. The defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial.

7

By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

5. **Additional Consequences**. The defendant understands that as a result of this conviction, the defendant could experience additional collateral consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office. If the defendant is not a United States citizen, as a result of a plea of guilty, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant has discussed with his attorney the punishments and consequences of pleading guilty, understands that not all of the consequences can be predicted or foreseen, and still wants to plead guilty in this case.

6. **Statutory Penalties**. The defendant understands that Count I of the Indictment, charging Conspiracy to Make False Statements in the Purchase of Firearms in violation of 18 U.S.C. § 371 is a felony offense that carries the following statutory penalties:

  a. a maximum of five years in prison;

  b. a supervised release term of at least one up to a maximum

8

supervised release term of three years;

c.     a maximum fine of $250,000;

d.     a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A).

7.     **Guidelines Calculations**.   The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq.* Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing.   The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence.   The parties stipulate to the following guidelines calculations:

a.     Base Offense Level.  The parties agree that the base offense level is **14**.  U.S.S.G. § 2K2.1(a)(6).

b.     Specific Offense Characteristics.  The parties further agree that the offense level should be increased by **6 levels** because the offense involved more than 25 but fewer than 100 firearms.  U.S.S.G. § 2K2.1(b)(1).  The parties agree that no other specific offense characteristics apply.

c.     Chapter 3 Adjustments.  The parties agree that, other than acceptance of responsibility, no other Chapter 3 adjustments apply.

d.     Acceptance of Responsibility. The government agrees to recommend that the defendant receive a **2-level reduction** for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a).    As the defendant has timely notified the government of the defendant's intention to enter a plea of guilty, the government agrees to recommend that the defendant   receive   an   additional   **1-level   reduction**

9

pursuant to U.S.S.G. § 3E1.1(b). Whether these reductions will be imposed shall be determined by the Court in its discretion. However, the defendant understands and agrees that the government's recommendations are conditioned upon the following: (1) the defendant testifies truthfully during the change of plea and sentencing hearings; (2) the defendant provides full, complete and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the defendant engages in no conduct inconsistent with acceptance of responsibility before the time of sentencing.

Nothing in this agreement limits the right of the government, pursuant to U.S.S.G. § 3E1.1 and/or § 3C1.1 to seek denial of a reduction for acceptance of responsibility or an adjustment for obstruction of justice should the defendant engage in any conduct inconsistent with acceptance of responsibility.

e.  Criminal History Category. The parties believe that, at the time of sentencing, the defendant will fall into **Criminal History Category II**. U.S.S.G. § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within his criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

f.  Guidelines Range. If the adjusted offense level is **17** (base offense level 14, plus 6 levels for the number of firearms, less three levels for acceptance of responsibility), and the criminal history category is **II**, the applicable sentencing guidelines range is **27 to 33 months of imprisonment**.

10

        g.    Fine Range. If the adjusted offense level is 17, the Sentencing Guidelines fine range is \$10,000 to \$95,000. U.S.S.G. § 5E1.2(c).

        h.    Supervised Release. The Sentencing Guidelines' term of supervised release is one to three years. U.S.S.G. § 5D1.2(a)(2).

8.    **Revocation of Supervised Release**. The defendant understands that if the defendant were to violate any supervised release condition while on supervised release, the Court could revoke the defendant's supervised release, and the defendant could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). *See* U.S.S.G. §§ 7B1.3, 7B1.4. The defendant also understands that as part of any revocation, the Court may include a requirement that the defendant be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

9.    **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing Guidelines are advisory and that their application is a matter that falls solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also vary and/or depart from the applicable Guidelines range. If the Court determines that the applicable guideline calculations or the defendant's criminal history category is different

from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

10.    **Agreements as to Sentencing Recommendation**. The parties are free to recommend whatever sentence they deem appropriate. The parties reserve the right to make motions for departures under the Sentencing Guidelines or for variances pursuant to 18 U.S.C. § 3553(a) and to oppose any such motions made by the opposing party. If the Court does not accept the sentencing recommendation of the parties, the defendant will have no right to withdraw his guilty plea.

11.    **Special Assessment**. The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted, pursuant to U.S.S.G. § 5E1.3. The defendant agrees to pay the special assessment.

12.    **Disclosure of Assets.** The defendant will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the defendant has any right, title, or interest, or over which the defendant exercises control, directly or indirectly, including those assets held by a spouse, nominee or other third party, or any business owned or controlled by the defendant. The defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of restitution, fines, and forfeiture ordered by the Court. The defendant agrees

to complete a financial statement within two weeks of the entry of his guilty plea. The defendant further agrees to execute any releases that may be necessary for the United States to obtain information concerning the defendant's assets and expressly authorizes the United States to obtain a credit report on the defendant to evaluate the defendant's ability to satisfy financial obligations imposed by the Court. If requested by the United States, the defendant agrees to submit to one or more asset interviews or depositions under oath.

13. **Forfeiture.** The defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), all of the firearms referenced in the factual basis section of this plea agreement, para. 2, and all associated accessories and ammunition. The defendant agrees that the United States may, at its option, forfeit such property through civil, criminal or administrative proceedings, waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest the defendant may have in the property. The defendant waives all statutory and constitutional defenses to the forfeiture and consents to the destruction of the firearms and ammunition.

14. **Waivers of Appeal and Collateral Attack.** The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes but is not limited to the defendant's waiver of the right to

13

appeal guilt or innocence, any issues relating to the negotiation, taking or acceptance of the guilty plea, the sentence imposed, the Guidelines calculations, any restitution obligations, and the constitutionality of the statutes to which the defendant is pleading guilty. The parties agree, however, that excluded from this waiver is an appeal by defendant of the substantive reasonableness of a term of imprisonment above **33 months' imprisonment**.

The defendant also waives the right to collaterally attack his conviction and sentence under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel. Further, this collateral-review waiver does not operate to waive a collateral challenge under 28 U.S.C. § 2255 based on new legal principles enunciated in Supreme Court case law decided after the date of this Plea Agreement that are both substantive and have retroactive effect. For purposes of this provision, legal principles that are substantive and retroactive are those that narrow the reach of the offense of conviction and render the defendant's conduct non-criminal or that render the sentence imposed illegal.

The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

The United States agrees to waive its right to appeal any sentence except the government may appeal the substantive reasonableness of a term of imprisonment below **27 months' imprisonment**.

14

15.     **FOIA Requests.**   The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

## 16.   **Statute of Limitations Waiver.**

The defendant agrees that, should the conviction following the defendant's plea of guilty pursuant to this agreement be vacated for any reason, any prosecution based on the conduct set forth in the Factual Basis above that is not otherwise time-barred by the applicable statute of limitations on the date of the signing of this agreement (including any counts that the government has agreed not to prosecute or to dismiss at sentencing pursuant to this agreement) may be commenced or reinstated against the defendant, notwithstanding the expiration of the statute of limitations between the signing of this agreement and the commencement or reinstatement of such prosecution. It is the intent of this agreement to waive all defenses based on the statute of limitations with respect to any prosecution of conduct set forth in the Factual Basis that is not time-barred on the date that this agreement is signed.

## 17.   **Plea Statements May Be Used Against the Defendant.**

The defendant acknowledges discussing Rule 11(f) of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence with the

defendant's attorney. These rules ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. The defendant knowingly and voluntarily waives the rights that arise under these rules in the event that the defendant withdraws the defendant's guilty plea or withdraws from this agreement after signing it.

18. **Complete Agreement**. This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the defendant. By signing this plea agreement, the defendant acknowledges: (a) that the defendant has read the entire agreement and has reviewed every part of it with the defendant's counsel; (b) that the defendant fully understands this plea agreement; (c) that no promises, agreements, understandings, or conditions have been made or entered into in connection with his decision to plead guilty, except those set forth in this plea agreement; (d) that the defendant is satisfied with the legal services and representation provided by defense counsel in connection with this plea agreement and matters related to it; (e) that the defendant has entered into this plea agreement freely, voluntarily, and knowingly; and (f) that the defendant's decision to plead guilty in accord with the terms and conditions of this plea agreement is made of the defendant's own free will.

16

JOSEPH H. THOMPSON
Acting United States Attorney

Date: 9/11/2025

BY: DAVID M. CLASSEN
Assistant United States Attorney

Date: 09/11/25

WILLIAM EARL BURTON
Defendant

Date: 9/11/2025

LISA M. LOPEZ, ESQ.
Counsel for Defendant

17