UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 25-180 (SRN/DLM)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) **POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING** |
| WILLIAM EARL BURTON, | ) ) ) |
| Defendant. | ) ) |

Defendant William Earl Burton pleaded guilty to conspiracy to make false statements in the purchasing of firearms. In about a nine-month period, the defendant acquired at least 43 firearms and, for each, certified to the seller that he was the purchaser, when in fact he acquired each of those firearms with the plan of immediately providing them to other person who were unknown to the sellers. Police have recovered 17 of these firearms, several from felons who were prohibited from possessing firearms, and others that were used in murders and other shootings and robberies.

The defendant was convicted of two different counts of second degree aggravated robbery in 2021, and he is still on probation for those felony convictions. The nature of the crime the defendant committed, coupled with the defendant's criminal history, supports a substantial custodial sentence.

The government respectfully asks the Court to sentence the defendant to no less than 33 months in prison, followed by three years of supervised release.

## THE OFFENSE CONDUCT

The defendant purchased 43 firearms from Minnesota firearms licensees between November 27, 2019, and August 29, 2020. For each firearm, the defendant certified himself as the actual buyer on the associated Firearms Transaction Record Form 4473. The defendant was not the actual buyer of any of these firearms, but in fact purchased the firearms for other people, who in turn provided him with money and conspired with him to falsely represent on each Firearms Transaction Record Form 4473 that the defendant was the true purchaser of the firearms. After he bought these 43 firearms from gun stores, the defendant subsequently transferred them to their true purchasers.

By April 2025, law enforcement recovered 17 of these firearms (none from the defendant). Several of the firearms that police have recovered were from felons who were prohibited from possessing firearms. Other firearms that police recovered were used in murders and other shootings and robberies. Police recovered another firearm in close proximity to narcotics. And one firearm that police recovered was associated with 10 different shootings, including the murder of a six-year-old child.

## THE PRESENTENCE INVESTIGATION REPORT

On September 11, 2025, the defendant plead guilty to Count 1. The parties and the presentence investigation report (PSR) are all in accord that the defendant's criminal history places him in Criminal History Category II.

The plea agreement contemplated a total offense level of 17. The government is bound to that position, which includes an advisory guidelines range of 27 to 33 months.

The presentence investigation report calculation is for a total offense level of 21. This calculation includes a base offense level of 14, a six-level enhancement because the offense involved 43 firearms per U.S.S.G. § 2K2.1(b)(1)(C), a two-point enhancement based on the defendant's transfer of firearms knowing or having reason to know the conduct would result in the receipt of the firearm by a prohibited person, per U.S.S.G. § 2K2.1(b)(5)(B)(i), and a two-point enhancement for obstruction of justice, per U.S.S.G. § 3C1.1. With a Criminal History Category of II, a guidelines imprisonment range of 41 to 51 months, with a supervised release term of not more than three years.

## SENTENCING RECOMMENDATION

As the Court knows, in addition to determining the Defendant's Sentencing Guideline range (18 U.S.C. § 3553(a)(4)), this Court is required to assess the other applicable sentencing factors under Section 3553(a) of federal sentencing law. Those factors include the nature and circumstances of the

offense; the history and characteristics of the defendant; the need for the sentence imposed to reflect the seriousness of the offense; to promote respect for the law; to provide just punishment for the offense; to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; the need to avoid unwarranted sentencing disparities; and the need to provide restitution to victims. 18 U.S.C. § 3553(a). Pursuant to these factors, the United States requests the Court sentence the defendant to a term of imprisonment of no less than 33 months, followed by a supervised release term of three years.

1. **Nature and Circumstances of the Offense**

The defendant's criminal activity was both harmful and dangerous. A substantial sentence is necessary to provide just punishment, and to protect the public in the future. The defendant's actions endangered himself and the community. Innocent people were robbed, shot, and murdered, with the very firearms that the defendant acquired and put into the hands of criminals, in order to enrich himself. In order to make some easy money, the defendant put a gun into the hands of a shooter who killed an innocent six-year-old child. This same gun was used in nine additional shootings. And this gun is just one among at least 43 firearms that the defendant knowingly put into the community to secretly be used by others. Simply put, the damage the defendant has caused is incalculable.

**2.    Deterrence, Respect for the Law, and Protecting the Public**

A substantial sentence is also necessary to protect the public, promote respect for the law, and to provide adequate deterrence. The defendant is 27 years old, not particularly young.

The defendant's criminal history includes two different convictions for aggravated robbery crimes. Both convictions involve threatening a person with a weapon. In one of the aggravated robberies, the defendant threatened a person with a gun, stole $170, and was subsequently engaged in a standoff with a SWAT team. In the other aggravated robbery for which he was convicted, the defendant brandished a knife and stole about $200 from a barber shop employee.

The defendant also has a troubling history of acting in ways that are clearly contemptuous of court supervision. He has violated the terms of supervision with respect to each of the above aggravated robbery convictions, and he served 180 day jail sanctions with respect to each probation violation. A significant prison sentence is therefore necessary.

## CONCLUSION

The defendant acquired at least 43 firearms by certifying to the seller that he was the purchaser for each firearm, with the plan of immediately providing these firearms to other people who were the true purchasers. Of the 17 firearms that police have recovered, several were used in murders and other

shootings and robberies, and several were recovered from felons. The nature of the crime the defendant committed, coupled with the defendant's criminal history, supports a substantial custodial sentence. The government respectfully asks the Court to sentence the defendant to no less than 33 months in prison, followed by three years of supervised release.

Dated:  January 26, 2026            Respectfully Submitted,

DANIEL N. ROSEN
United States Attorney

*s/ David M. Classen*
BY: DAVID M. CLASSEN
Assistant U.S. Attorney